IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

CHRISTOPHER MARTZ, SR,  :
      Plaintiff,  :
        :
      v.  :    Civil No. 5:21-cv-02750-JMG
        :
NORFOLK SOUTHERN RAILWAY  :
COMPANY,  :
      Defendant.  :
_____

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                   September 30, 2022

**I.   OVERVIEW**

Rhetorically speaking, Defendant has been cruisin' for a bruisin'. Now, he shall have it.

As Defendant blew past three deadlines imposed by this Court's orders, the Court responded with multiple warnings, and then monetary sanctions. Seemingly undeterred by these sanctions, Defendant has now cruised past a fourth Court-imposed deadline. This Court is left with no choice but to impose greater sanctions on Defendant.

**II.  RELEVANT BACKGROUND**

Plaintiff Christopher Martz, Sr. filed the instant action against Defendant Norfolk Southern Railway Company on June 21, 2021. *See* ECF No. 1. Defendant, a railway carrier corporation, employed Plaintiff as a signal maintainer. *Id.* Plaintiff alleges that, during the course of his employment with Defendant, he was injured in a two-vehicle accident involving another employee of Defendant, Ms. Clelan. *Id.* Plaintiff seeks to recover damages he allegedly sustained as a result of this accident pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. *Id.* The

Defendant answered the complaint, and the parties proceeded to discovery. *See* ECF Nos. 4 (Answer); 17 (Scheduling Order). The Scheduling Order set a fact and expert discovery deadline for August 16, 2022. *See* ECF No. 17.

Plaintiff served his interrogatories and requests for production to Defendant on January 20, 2022 and February 22, 2022. *See* ECF No. 29. Almost four months later, on June 13, 2022, Plaintiff advised Defendant that these requests remained outstanding. *See* ECF No. 20. On June 20, 2022, the parties submitted a joint request for an extension of time to complete discovery, wherein Plaintiff advised that Defendant's discovery responses remained outstanding. *See* ECF No. 18. The Court held a status conference on June 21, 2022, where defense counsel represented that he was delayed in his response to Plaintiff's discovery requests because he has had four trials since February. *See* ECF No. 21. Defense counsel also indicated that he was waiting for medical providers to respond to his records requests. *Id.*

Plaintiff sent another reminder to defense counsel, Attorney Richard K. Kohn, that Defendant's discovery responses remained outstanding on August 3, 2022. *See* ECF No. 20. Finally, on August 8, 2022, defense counsel sent Plaintiff a weblink to a loose collection of medical records, photos, and an accident report. *Id.* The production did not include any formal answers or responses to Plaintiff's interrogatories and requests. *Id.* Plaintiff advised the Court this production was also insufficient because Defendant failed to produce the following requested documents/information: the Plaintiff's personnel, training, medical, labor, and discipline files, the contact information of Ms. Clelan or her employee files, and GPS data for the vehicle Ms. Clelan was driving. *Id.*

Thereafter, this Court reluctantly issued an Amended Scheduling Order on August 11, 2022 extending the fact discovery deadline to October 14, 2022, ordering the Defendant to fully respond

to Plaintiff's discovery requests by August 26, 2022, and ordering defense counsel to file a letter identifying each trial to which he has been attached since February, each medical provider from which he sought medical records, the date when each request was made, and the status of each request. *See* ECF No. 21. Also in the Amended Scheduling Order, this Court forewarned the parties that any failure to comply with the deadlines set forth in the Amended Scheduling order would result in evidentiary sanctions:

> Counsel have left the court with little choice but to extend the discovery deadlines in this case. **But there will be no further extensions in this matter. Any failure to comply with the dates set forth in this Amended Scheduling Order will be resolved with evidentiary sanctions.** Both parties will be held responsible for meeting the deadlines in this Amended Scheduling Order. If Plaintiff's counsel does not receive a timely response to his discovery requests, he should promptly bring the issue to the Court's attention with a properly filed motion.

*Id.* (emphasis in original). Defense counsel failed to file a letter identifying the trials to which he has been attached and the status of the medical records requests made. While Defendant provided responses to Plaintiff's requests for production on August 19, 2022, defense counsel failed to provide responses to Plaintiff's interrogatories until September 7, 2022, after the Amended Scheduling Order's August 26, 2022 deadline. *See* ECF No. 29. The responses Defendant did serve included untimely objections to Plaintiff's discovery requests, many of which appeared to be boilerplate objections. Plaintiff filed a Motion to Compel and for Evidentiary Sanctions on September 1, 2022, contending Defendant's discovery responses were deficient and that Defendant failed to produce numerous relevant requested documents. *See* ECF No. 22.

In consideration of Plaintiff's Motion to Compel, this Court ordered counsel for both parties to participate in a conference call on September 8, 2022. *See* ECF No. 25. The Court gave defense counsel an opportunity to address why Defendant's objections to the January 20, 2022 and

February 22, 2022 discovery requests should not be considered forfeited as untimely.[1] *See* ECF No. 29. Defense counsel failed to provide any such reason. *Id.* Accordingly, this Court considered the Defendant's objections fortified.

Thereafter, this Court issued two orders imposing deadlines: (1) Defense counsel was once again ordered to file a letter, this time by **September 9, 2022**, identifying each trial to which he has been attached since February and indicating the status of each medical records request made to medical providers. *See* ECF No. 25. (2) Defendant was ordered by **September 16, 2022**, to either produce all information responsive to Plaintiff's January 20, 2022 and February 22, 2022 discovery requests or certify its nonexistence. *See* ECF No. 29.

Defendant cruised past the first deadline of September 9, 2022, and to date has failed to file the required letter. Consequently, on September 21, 2022, this Court issued an Order to Show Cause as to why monetary sanctions should not be imposed and scheduled a hearing for October 26, 2022. *See* ECF No. 31.

Defendant continued to cruise, sailing past the second deadline of September 16, 2022 by which Defendant was required to either produce all information responsive to Plaintiff's January 20, 2022 and February 22, 2022 discovery requests or certify its nonexistence. It is this violation of the Court's Order which gives rise to the instant motion, Plaintiff's Second Motion to Compel and for Evidentiary Sanctions. *See* ECF No. 30. Plaintiff filed the instant Motion on September 20, 2022. *Id.* Plaintiff's Motion seeks evidentiary sanctions in the form of precluding Defendant

---

[1] Federal Rule of Civil Procedure 33, which governs responses to interrogatories, requires that objections to interrogatories be served within "30 days" after interrogatories are served. Fed. R. Civ. P. 33(b)(2). Federal Rule of Civil Procedure 34, which governs responses to requests for production, requires that objections be made in writing "within 30 days" after the responding party is served with the request for production. Fed. R. Civ. P. 34(b)(2)(A).

from challenging causation of Plaintiff's injuries and precluding Defendant from conducting the deposition of Plaintiff. *Id.* According to Plaintiff, Defendant has failed to "turn over a single additional document" in response to this Court's Order. *Id.* Plaintiff alleges Defendant has failed to produce the following responsive information and documents contained within Plaintiff's January 20, 2022 and February 22, 2022 discovery requests: A document signed by Ms. Clelan admitting she was at fault in the crash; Ms. Clelan's training, personnel, and employment files; Ms. Clelan's Commercial Driver's License Endorsement; a repair bill for the Defendant's vehicle driven by Ms. Clelan; and data from GPS telemetry equipment used on the vehicle. *Id.*

This Court set a deadline of September 27, 2022 for Defendant to respond to Plaintiff's second sanctions motion. *Id.* Seemingly undeterred by the Court's indication of intent to impose monetary sanctions, Defense counsel cruised past this deadline as well. As of the date of this Order, September 30, 2022, Defendant has failed to respond to the instant Motion and, regrettably, the cost of this cruising must go up.[2]

### III. LEGAL STANDARD

Where a party "fails to obey an order to provide or permit discovery," a court "may find a party in civil contempt and impose sanctions." Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); *Grant Heilman Photography, Inc. v. Pearson Educ., Inc.*, No. 11-4649, 2018 U.S. Dist. LEXIS 88835 at *6 (E.D.

---

[2] On November 29, 2022, Plaintiff filed a Motion for a Protective Order and in Further Support of His Second Motion to Compel and for Evidentiary Sanctions (ECF No. 33), renewing Plaintiff's requested relief in Plaintiff's Second Motion to Compel and for Evidentiary Sanctions (ECF No. 30), and seeking additional relief in the form of an Order of Protection preventing Defendant from seeking any expert examination of Plaintiff until Defendant has fully complied with fact discovery obligations, including this Court's prior orders. Because this Court's Opinion and corresponding Order address the relief sought in Plaintiff's Motion for a Protective Order and in Further Support of His Second Motion to Compel and for Evidentiary Sanctions (ECF No. 33), said motion is denied as moot.

Pa. May 29, 2018). A court may issue sanctions ranging from rendering a default judgment to "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(A)(i)-(vii). *See also Wolfson-Verrichia Group v. Metro Commer. Real Estate*, No. 508-cv-4997, 2012 U.S. Dist. LEXIS 203807 at *13 (E.D. Pa. Jan. 9, 2012) ("[a]ppropriate sanctions for violation of a court order or Rule 26 disclosure obligations may include staying further proceedings until the order is obeyed, prohibiting the disobedient party from introducing certain evidence, directing that certain facts be taken as established for purposes of the action, or even striking the pleadings in whole or in part."). "The choice of an appropriate sanction generally is committed to the sound discretion of the district court." *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d. Cir. 1974).

## IV.   ANALYSIS

Defendant has repeatedly failed to adhere to this Court's orders, including the Court's deadline to respond to this very instant motion. Defendant was served with Plaintiff's discovery requests on January 20, 2022 and February 22, 2022. After failing to produce any responses for approximately seven months, despite numerous follow-up communications from Plaintiff, the Court ordered Defendant to respond to Plaintiff's discovery requests by August 26, 2022. Defendant failed to provide responses to Plaintiff's interrogatories until September 7, 2022. After Plaintiff alleged these responses were incomplete, withheld relevant responsive documents, and consisted of untimely and boilerplate objections, Plaintiff brought his first Motion to Compel and for Evidentiary Sanctions.

In response, this Court held a telephonic conference on September 8, 2022 and issued an order the same day, requiring the Defendant to either produce the information and documents sought or to certify their nonexistence by September 16, 2022. Defendant failed to respond at all.

Thereafter, Plaintiff brought the instant motion for evidentiary sanctions on September 20, 2022. The Court ordered Defendant to respond to the instant motion by September 27, 2022. Defendant once again failed to respond at all.[3]

This Court does not impose sanctions lightly, and recognizes that sanctions precluding a party of their right to proceed with or defend against a claim are, as with evidentiary exclusions, "extreme" and "not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order." *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997). As such, this Court declines to impose the more harsh sanction of precluding Defendant from deposing the Plaintiff at this time.

However, Plaintiff also asks this Court to preclude Defendant from challenging causation of Plaintiff's injuries. In deciding whether sanctions precluding a party of their right to proceed with or defend against a claim are warranted, the Third Circuit instructs district courts to consider the following factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Ramada Worldwide, Inc. v. Anita Nguyen, LLC*, No. 11-921, 2012 U.S. Dist. LEXIS 53855 at *6-7 (D. N.J. Jan. 10, 2012) (citing *Poulis v. State Farm & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). *See also Royette v. Russell*, 2022 U.S. Dist. LEXIS 59295 at *6 (D. V.I. Jan. 21, 2022).

---

[3] While Defendant failed to respond to Plaintiff's Motion, and Local Rule 7.1(c) permits the Court to grant a motion as uncontested "[i]n the absence of timely filed response," because Plaintiff's motion seeks severe sanctions in form of precluding a party of their right to defend against an element of Plaintiff's claim, and to conduct the deposition of Plaintiff, the Court considers Plaintiff's motion on the merits.

"The first factor asks whether the party himself, as opposed to the party's counsel, bears personal responsibility for the action or inaction." *Cox v. UPS*, 753 Fed. Appx. 103, 105 (3d Cir. 2018) (internal quotation marks and citation omitted). The misconduct at issue here falls solely on the shoulders of Defendant's counsel, so this factor does not support preclusion.

As to the second factor, "[p]rejudice . . . includes deprivation of information through noncooperation with discovery, and costs expended obtaining court orders to force compliance with discovery." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (citation omitted). Defense counsel's actions certainly prejudiced Plaintiff by preventing Plaintiff from obtaining discoverable information he properly requested and that, according to Plaintiff, is necessary to prove his claim. Moreover, defense counsel's actions prejudiced Plaintiff "by causing [him] to expend extra resources" and litigate the instant motion. *Woo v. Donahoe*, No. 12-1265, 2013 U.S. Dist. LEXIS 148645, 2013 WL 5636623, at *3 (E.D. Pa. Oct. 16, 2013). So, the second factor points toward preclusion.

Turning to the third factor, to engage in "a history of dilatoriness" consists of "[e]xtensive or repeated delay or delinquency…such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Defense counsel has certainly demonstrated this. Defense counsel has so far violated four of this Court's Orders in this action, three of which concern the instant motion.

Analyzing the fourth factor, where a party's conduct lacks a "reasonable excuse," courts consider the conduct willful. *See Ramada Worldwide, Inc.*, 2012 U.S. Dist. LEXIS 53855 at *9 (finding willfulness where "[t]here is no evidence to suggest that the failure to produce discovery or comply with court orders resulted from inadvertence, neglect, or mistake."); *Harrington v. All*

8

*Am. Plazas, Inc.*, No. 08-3848, 2010 U.S. Dist. LEXIS 67583 at *9-10 (D. N.J. July 7, 2010) ("Courts find willfulness and bad faith where no reasonable excuse for the conduct in question exists."). The Court considers defense counsel's repeated failure to abide by its discovery orders willful. Defense counsel's repeated failure to respond to four of this Court's orders, including this Court's order to respond to the instant motion itself, lacks a "reasonable excuse."

The fifth factor requires the court to evaluate the effectiveness of alternative sanctions. Alternative sanctions have already proven ineffective. On September 21, 2022 this Court issued a Show Cause Order providing that the Court intends to hold Defendant's counsel, Attorney Hohn, in contempt of court and sanction him $1,500 for failing to comply with this Court's Order requiring him to file a letter identifying each trial to which he has been attached since February and reporting on the status of each medical records request counsel made to medical providers. Nevertheless, subsequent to this September 21, 2022 Show Cause Order, Defendant's counsel failed to meet yet another deadline, this Court's September 27, 2022 deadline to respond to the instant motion.

It is difficult to address the sixth factor as the limited legal argument or factual discovery offered by Defendant frustrate an assessment on the meritoriousness of Defendant's defense against whether Plaintiff's injuries were caused, in whole or in part, by the accident. *See Harrington*, 2010 U.S. Dist. LEXIS 67583 at *12 (declining "to address the sixth and final *Poulis* factor" where party's "failure to defend itself properly in this action makes an evaluation of the merits impossible."). Nevertheless, because at least four of the six *Poulis* factors weigh in favor of imposing the sanction, this Court hereby precludes Defendant from challenging the causation of Plaintiff's injuries.

## V. CONCLUSION

For the foregoing reasons, the motion for sanctions will be granted in part. Defendant is precluded from challenging the causation of Plaintiff's injuries, but Defendant is not precluded from deposing Plaintiff. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge