IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER MARTZ, SR, <br> Plaintiff, <br><br> v. <br><br> NORFOLK SOUTHERN RAILWAY COMPANY, <br> Defendant. | : <br> : <br> : <br> : Civil No. 5:21-cv-02750-JMG <br> : <br> : <br> : <br> : |

MEMORANDUM OPINION

**GALLAGHER, J.**                                                                         **March 24, 2023**

**I.      OVERVIEW**

Defendant, Norfolk Southern Railway Company, moves for reconsideration (ECF Nos. 39, 42) of this Court's September 30, 2022 Order (ECF No. 35) granting in part Plaintiff's Second Motion to Compel and for Evidentiary Sanctions (ECF No. 30), and precluding Defendant from challenging causation of Plaintiff's injuries. In consideration of newly developed evidence, to prevent manifest injustice, and pursuant to the Court's inherent discretion to modify the structure of sanctions, the September 30, 2022 Order will be amended as follows: The evidentiary sanction precluding Defendant from challenging causation of Plaintiff's injuries will be rescinded and replaced by monetary sanctions assessed to Prior Defense Counsel. An appropriate order follows.

**II.     RELEVANT BACKGROUND**

Plaintiff, Christopher Martz Sr., filed the instant action against Defendant Norfolk Southern Railway Company ("NSRC") to recover for injuries allegedly sustained during the course of his employment with Defendant arising from a two-vehicle accident involving another

employee of Defendant. *See* ECF No. 1. Defendant filed an Answer (ECF No. 4), and the parties met with the Court for an Initial Rule 16 Conference back on February 17, 2022. *See* ECF No. 16. At the Initial Rule 16 Conference, the Court instructed the parties to contact the Court early on if any discovery disputes or issues arose. The Court issued a Scheduling Order on February 28, 2022, which set a fact and expert discovery deadline for August 16, 2022. *See* ECF No. 17.

The Court did not hear from counsel for either party again until June 20, 2022, almost four months later, when the parties jointly requested an extension of time to complete discovery because Defendant had failed to respond to Plaintiff's discovery requests served back on January 20, 2022 and February 22, 2022, and the depositions of all parties remained outstanding. *See* ECF No. 18. The very next day, on June 21, 2022, the Court held a status conference to discuss the request. *See* ECF No. 19. At the conference, then-counsel for Defendant, Attorney Hohn (hereinafter referred to as "Prior Defense Counsel" or "Counsel"), represented that he was delayed in his response to Plaintiff's discovery requests because he has had four trials since February. *See* ECF No. 21. Prior Defense Counsel also indicated that he was waiting for medical providers to respond to his records requests. *Id.* Having not heard good cause for an extension, the Court declined to extend discovery deadlines during the conference, but instead instructed the parties to communicate better with one another and to provide further updates on the status of discovery.

Nevertheless, by August 11, 2022 Defendant had still failed to respond to Plaintiff's discovery requests, and the Court reluctantly issued an Amended Scheduling Order and ordered Defendant to fully respond to Plaintiff's discovery requests by August 26, 2022 and for Prior Defense Counsel to file a letter identifying each trial to which he has been attached since February, each medical provider from which he sought medical records, the date when each request was made, and the status of each request. *See* ECF No. 21. The Court's Amended Scheduling Order

2

also warned the parties that any failure to comply with the Order's deadlines "will be resolved with evidentiary sanctions." *Id.*

Despite the Order and August 26, 2022 deadline, the Court failed to capture Prior Defense Counsel's attention – or compliance. Defendant failed to serve responses to all Plaintiff's discovery requests until September 7, 2022. *See* ECF No. 29. In addition to being untimely, Plaintiff alleged these responses were deficient, consisted of untimely boilerplate objections, and withheld numerous relevant requested documents, and therefore filed a Motion to Compel and for Evidentiary Sanctions on September 1, 2022. *See* ECF No. 22. The Court scheduled yet another status conference with counsel on September 8, 2022 and thereafter issued two orders imposing deadlines: 1), Prior Defense Counsel was once again ordered to file a letter, this time by September 9, 2022, identifying each trial to which he has been attached since February and indicating the status of each medical records request made to medical providers. *See* ECF No. 25. 2), Defendant was ordered by September 16, 2022, to either produce all information responsive to Plaintiff's January 20, 2022 and February 22, 2022 discovery requests or certify its nonexistence. *See* ECF No. 29.

Prior Defense Counsel's attention continued to elude this Court. Counsel missed a second Court deadline, failing to file the requested letter by September 9, 2022. Continuing its attempts to gain Prior Defense Counsel's attention, on September 21, 2022, the Court issued an Order to Show Cause as to why monetary sanctions should not be imposed and scheduled a hearing for October 26, 2022. *See* ECF No. 31.

Undeterred, Prior Defense Counsel blew yet another Court deadline – failing to either produce all information responsive to Plaintiff's discovery requests or certify its nonexistence by September 16, 2022. Accordingly, Plaintiff filed a Second Motion to Compel and for Evidentiary

Sanctions on September 20, 2022. *See* ECF No. 30. Plaintiff's Motion sought evidentiary sanctions in the form of precluding Defendant from challenging causation of Plaintiff's injuries and precluding Defendant from deposing Plaintiff. *Id.* Plaintiff's Motion advised that no other penalties would have any effect on Defendant, because "Defendant has already advised the Court that it will likely concede liability under the circumstances of the incident in question." *Id.* The Court ordered Defendant to respond to Plaintiff's Motion by September 27, 2022. *See* ECF No. 32.

Prior Defense Counsel missed this fourth Court deadline – the deadline to respond to the Motion for Evidentiary Sanctions itself. Resigned at its failure to gain Prior Defense Counsel's attention or compliance through the use of Court-ordered deadlines, the imposition of monetary sanctions, or even the threat of evidentiary sanctions – Counsel's noncompliance left the Court no choice but to impose, in part, the evidentiary sanctions sought by Plaintiff. *See* ECF Nos. 34-35. On September 30, 2022, the Court granted Plaintiff's unopposed Motion for Evidentiary Sanctions in part, granting Plaintiff's request that Defendant be precluded from challenging causation of Plaintiff's injuries, but denying Plaintiff's request that Defendant be precluded from deposing Plaintiff. *See* ECF No. 35.

### III.     PROCEDURAL HISTORY

As stated more fully in the previous section, on September 20, 2022, after Prior Counsel failed to respond to three Court orders, Plaintiff filed a Motion for Evidentiary Sanctions to preclude Defendant from challenging causation of Plaintiff's injuries and from conducting the deposition of Plaintiff. *See* ECF No. 30. When Defendant then failed to respond to this Motion for Evidentiary Sanctions itself, on September 30, 2022, this Court granted Plaintiff's Motion in part, precluding Defendant from challenging causation of Plaintiff's injuries, but permitting Defendant to depose Plaintiff. *See* ECF No. 35.

The Court held a status conference for October 4, 2022 to discuss the September 30, 2022 Order and how to gain Prior Defense Counsel's cooperation moving forward. *See* ECF No. 37. At the status conference, Counsel apologized and took responsibility for missing this Court's deadlines, and advised the Court that the failure to meet deadlines was his fault, and not that of Defendant. The Court instructed Prior Defense Counsel to adhere to deadlines moving forward, and to provide the still outstanding discovery to Plaintiff immediately, as well as to arrange for final depositions.

At the status conference, the Court also advised Prior Defense Counsel that although the Court's September 30, 2022 Order precluded Defendant from asserting a defense as to causation of Plaintiff's injuries, Defendant was not precluded from obtaining discovery on causation nor from exploring the issue at Plaintiff's deposition. The Court also advised Prior Defense Counsel that it would take any motion for reconsideration of the September 30, 2022 Order's assessment of evidentiary sanctions against Defendant under advisement.

Thereafter, on October 5, 2022, Prior Defense Counsel filed a Motion for Reconsideration of the Court's Order Imposing Evidentiary Sanctions. *See* ECF No. 39. On October 7, 2022, current counsel for defendant, Attorney Lyda, entered an appearance on behalf of Defendant and filed a Supplemental Motion for Reconsideration. *See* ECF Nos. 41, 42. Prior Defense Counsel withdrew his appearance in this action on October 19, 2022. *See* ECF No. 47. Plaintiff filed a Response in Opposition to the Motions for Reconsideration on March 10, 2023. *See* ECF No. 59. Defendant filed a Reply in Support of the Motions for Reconsideration on March 13, 2023. *See* ECF Nos. 60, 62.

## IV. LEGAL STANDARD

A motion for reconsideration may be granted on any one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion…or (3) the need to correct a clear error of law or to prevent manifest injustice." *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court's authority when evaluating both a motion for sanctions and a motion for reconsideration is discretionary. *See Quality Prefabrication, Inc. v. Daniel J. Keating Co.*, 675 F.2d 77, 78 (3d Cir. 1982) ("Appellees' motion for sanctions and appellant's motion for reconsideration both invoke the discretion of the district court…and we will not reverse unless that court has abused its discretion.").

## V. ANALYSIS

Defendant moves for reconsideration of the September 30, 2023 Order (ECF No. 35) imposing evidentiary sanctions on Defendant for failure to respond to four (4) Court deadlines. Both Defendant's First (ECF No. 39) and Supplemental (ECF No. 42) Motions for Reconsideration seek reconsideration based on newly available evidence and to prevent manifest injustice.

Prior Defense Counsel filed the first Motion for Reconsideration of behalf of Defendant, making factual averments that (1) the failure to abide by the Court's deadlines was the fault of Counsel himself, not Defendant, "who is blameless" in the matter, and (2) Counsel's failure to abide by the Court's deadlines was due to his own "oversight and mistake as opposed to willful disregard." *See* ECF No. 39 at ¶¶ 9, 24. In lieu of evidentiary sanctions against his client, Prior Defense Counsel requested "the sanction be imposed upon me, personally." *Id*. at ¶¶ 9, 24.

Defendant's Supplemental Motion for Reconsideration, filed by current defense counsel, Attorney Lyda, similarly avers that "[p]rior to October 3, 2022, NSRC had no knowledge of the

issues set forth in the September 30, 2022 Order. NSRC was not aware of delinquent discovery responses, multiple Motions to Compel seeking sanctions, or this Court's Orders." *See* ECF No. 42 at pgs. 3-4. Defendant's Supplemental Motion contends "reconsideration is appropriate in this case, as new evidence has become available – namely that NSRC was unaware of the situation and the failure to comply with this Court's orders – and to prevent a manifest injustice as the conduct giving rise to the imposition of sanctions was that of defense counsel and not NSRC itself as a party to this litigation." *Id.* at pg. 6.

Plaintiff's Response in Opposition challenges the assertion that Defendant was unaware of Prior Defense Counsel's failure to meet four Court-ordered deadlines. *See* ECF No. 59. Plaintiff alleges Defendant's claims agent assigned to this litigation, Mark Owens, attended a September 20, 2022 deposition "where it came out that Norfolk Southern had not turned over so much of the information originally requested in discovery over 6 months earlier." *Id.* at pgs. 1-2. Plaintiff argues Defendant "is a sophisticated multi-billion dollar corporation with a dedicated legal department which conducts regular 'round table' meetings with its outside counsel relating to ongoing litigation." *Id.* at pg. 2. Plaintiff also argues Defendant must have been aware of the delay in producing discovery as Defendant was required to sign the discovery responses that were belatedly produced. *Id.* at pg. 3.

In response, Defendant's Reply attaches a sworn affidavit of Mr. Owens wherein Mr. Owens affirms he was unaware of the Court's September 8, 2022 Order and the deadlines it imposed until September 27, 2022. *See* ECF No. 62 at Ex. A. Mr. Owens further affirms he was "never aware Plaintiff had filed a motion seeking evidentiary sanctions" until he learned of the Court's September 30, 2022 Order imposing evidentiary sanctions on October 6, 2022. *Id.* Mr. Owens also affirms that while he attended the September 20, 2022 deposition referenced by

Plaintiff, "[t]here was no discussion in my presence of any motion to compel, for sanctions or any discovery deficiency in this matter." *Id.*

Defendant's Reply also contends that since the Court's September 30, 2022 Order precluding Defendant from challenging causation of Plaintiff's injuries, the evidentiary record as to causation has now become fully developed. *Id.* at pg. 5. In imposing evidentiary sanctions, the Court weighed and considered the Third Circuit's six *Poulis* factors to determine whether precluding Defendant from challenging causation was an appropriate sanction. *See* ECF No. 34 at pg. 7.[1] At the time, the Court held it was "difficult to address" the sixth *Poulis* factor, "the meritoriousness of the claim or defense" because of Defendant's failure to conduct or produce discovery on the issue. *Id.* at pg. 9. "Now that the evidentiary record is fully developed," Defendant's Reply avers, "it is clear that NSRC adduced significant evidence, which if accepted by the jury, establish[es] that Plaintiff's injuries were not caused by the July 2018 motor vehicle accident." *See* ECF No. 62 at pg. 5. Since the Court's September 30, 2022 Order, Defendant has consulted six (6) experts, who, according to Defendant, will submit reports and testimony challenging the causation of Plaintiff's injuries. *Id.*

---

[1] In deciding whether evidentiary sanctions precluding a party of their right to proceed with or defend against a claim are warranted, the Third Circuit, pursuant to *Poulis v. State Farm*, instructs district courts to consider the following factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Ramada Worldwide, Inc. v. Anita Nguyen, LLC*, No. 11-921, 2012 U.S. Dist. LEXIS 53855 at *6-7 (D. N.J. Jan. 10, 2012) (citing *Poulis v. State Farm & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). *See also Royette v. Russell*, No. 1:20-cv-00077, 2022 U.S. Dist. LEXIS 59295 at *6 (D. V.I. Jan. 21, 2022).

This newly discovered evidence, Defendant argues, in addition to evidence that Prior Defense Counsel alone was responsible for violating this Court's deadlines, along with the "severe prejudice" Defendant will suffer if precluded from challenging causation, warrants reconsideration and modification of this Court's September 30, 2022 Order. *See generally id.*

District courts have "discretion to reconsider an issue and should exercise that discretion whenever it appears that a previous ruling, even if unambiguous, might lead to an unjust result." *Anthanassious v. Palmer*, 418 Fed. Appx. 91, 95 (3d Cir. 2011) (quoting *Swietlowich v. Bucks Cnty.*, 610 F.2d 1157, 1164 (3d Cir.1979)). This reconsideration authority, however, must be exercised responsibly. *Id.* Courts "must afford the parties notice of and an opportunity to be heard on the appropriateness of reconsideration, must explain on the record the reasons for altering the prior order if that is its decision, and must 'take the appropriate steps so that the parties are not prejudiced by reliance on the prior ruling.'" *Id.* (quoting *In re Pharamacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009)). Moreover, a district court "retains substantial discretion to tailor the nature and extent of [a] sanction to the facts of a particular case." *Jacoy v. Tawil*, 96 B.R. 484, 489 (D. N.J. 1989).

The Court is persuaded by Prior Defense Counsel and Defendant's arguments in favor of modifying the sanctions imposed by the September 30, 2022 Order. Although Plaintiff's Response speculates Defendant may have had some knowledge of the delay in producing discovery, the Court is persuaded by the representations made in Prior Defense Counsel's Motion for Reconsideration (ECF No. 39) and the Affidavit of Mark M. Owens (Ex. A to ECF No. 62) that Defendant did not have knowledge of Counsel's failure to comply with Court deadlines, most notably the deadline to respond to Plaintiff's Evidentiary Sanctions Motion (ECF No. 30) itself.

Given the foregoing, and the subsequently developed evidentiary record on the issue of causation, the Court finds that newly available evidence and the need to prevent manifest injustice warrant reconsideration of the Court's September 30, 2022 Order and the recession of evidentiary sanctions assessed against Defendant in favor of monetary sanctions to be assessed against Prior Defense Counsel, as sought in both of Defendant's Motions for Reconsideration. *See* Defendant's Motion for Reconsideration, ECF No. 39 at ¶ 9 ("While Hohn's conduct is appropriately sanctionable, I, Hohn, would request that the sanction be imposed upon me, personally, as opposed to my client who is blameless in this matter."); *see also* Defendant's Supplemental Motion for Reconsideration, ECF No. 42 at pg. 5 ("Multiple courts have made the decision to impose sanctions against a party's counsel, and not the party itself, where the failure to comply with discovery and court orders was not the fault of the party itself.").

Plaintiff's Response in Opposition (ECF No. 59) does not contend, and this Court does not find, that granting Defendant's Motions for Reconsideration and modifying the September 30, 2022 Order's sanctions imposed on Defendant is unfairly prejudicial to Plaintiff. Therefore, contemporaneous with this Memorandum Opinion, the Court will issue an Order granting Defendant's Motions for Reconsideration (ECF Nos. 39, 42) and denying Plaintiff's request that Defendant be precluded from challenging causation of Plaintiff's injuries. Nevertheless, to ensure there are "consequences" for violating "federal court orders" the Court will modify the September 30, 2022 Order's imposition of evidentiary sanctions to an assessment of monetary sanctions against Prior Defense Counsel. *See* Plaintiff's Response in Opposition, ECF No. 59, at pg. 3. *See also Monmouth County Correctional Institution Inmates v. Lanzaro*, 695 F. Supp. 759, 777 n. 11 (D. N.J. 1988) ("Of course, the court, in the exercise of its inherent discretion, may modify the structure of sanctions."); *Sheehan v. Del. & Hudson Ry. Co.*, No. 3:09-cv-265, 2010 U.S. Dist.

LEXIS 159754 at *17 (M.D. Pa. Aug. 18, 2010) (granting motion for reconsideration of evidentiary sanctions upon consideration of Third Circuit guidance that exclusion of evidence is "extreme" sanction not to be normally imposed).

## VI.      CONCLUSION

For the foregoing reasons, the motions for reconsideration will be granted and the Court's September 30, 2022 Order (ECF No. 35) will be amended to modify the evidentiary sanction precluding Defendant from challenging causation of Plaintiff's injuries to a monetary sanction assessed to Prior Defense Counsel. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge